UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| REAL PROPERTY KNOWN AS 10526 | ) | |
| PICO VISTA ROAD, DOWNEY, | ) | |
| CALIFORNIA 90241; | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Geoffrey S. Ogden, Assistant United States Attorney for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1.   This is a civil action *in rem* brought by the United States, pursuant to 18 U.S.C. § 981, seeking forfeiture of all right, title, and interest in the above-captioned defendant property, which is involved in money laundering in violation of 18 U.S.C. § 1956 and 1957.

2.   The defendant properties are described more fully as:

A.   The real property known as 10526 Pico Vista Road, Downey, California 90241, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as: Lot 42 of Tract No 14546, in the City of Downey, County of Los Angeles, State of

1

California, as per Map recorded in Book 562, Page 12 of Maps, in the Office of the County Recorder of said County (the "defendant property").

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because this is a civil action arising under the laws of the United States, because it is a proceeding of forfeiture, and because it has been brought by the United States.

4.   This Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 1345 and 1355 because this is a proceeding for forfeiture, and because it has been brought by the United States.

5.   Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1355 because an act giving rise to the forfeiture occurred in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

6.   Title 18, United States Code, Section 1956(a)(1)(A) provides that whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, with the intent to promote the carrying on of specified unlawful activity, commits a federal crime.

7.   Title 18, United States Code, Section 1956(a)(1)(B) provides that whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity, knowing that the transaction is designed in whole or in part to conceal the nature, location, source, ownership, or control of the proceeds of specified unlawful activity, commits a federal crime.

2

8.    Title 18, United States Code, Section 1957 (the money laundering spending statute) criminalizes knowingly engaging or attempting to engage in a monetary transaction in criminally derived property from a specified unlawful activity in an amount greater than $10,000.   The term "specified unlawful activity" is defined in Title 18, United States Code, Sections 1956(c)(7) and 1961(1).

9.    Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957, or any property traceable to such property, is subject to forfeiture.

### FACTS GIVING RISE TO FORFEITURE

10.    James Johnson-Polk ("Johnson-Polk") is a resident of Downey, California.

11.    Since August 2018, Johnson-Polk has been the subject of an ongoing drug trafficking and money laundering investigation.

12.    The United States Postal Inspection Service ("USPIS") in St. Louis, Missouri identified a large amount of USPS Money Orders purchased in and around St. Louis that were later negotiated in and around Los Angeles, California.

13.    A portion of these money orders were negotiated by Johnson-Polk, and others by both known and unknown co-conspirators involved in this investigation.

14.    Between February 2017 and July 2019, the purchase of these USPS Money Orders corresponded with USPS mailings from the St. Louis area to Johnson-Polk, at his then address of 11201 Otsego Street, Apartment 316, North Hollywood, California 91601.

15.    USPIS obtained multiple search warrants during this time to search the packages being sent between St. Louis, Missouri and California.

16.     USPIS Postal Inspectors discovered U.S. Currency, money orders, and marijuana in said packages.

17.     In one of the packages, the USPIS Forensic Laboratory recovered thirteen fingerprints belong to Steven Sampler ("Sampler"), who investigators had previously identified as a co-conspirator of Johnson-Polk.

18.     In May 2021, Johnson-Polk was arrested by the Downey Police Department in Los Angeles, California for a drug-related offense.

19.     A probable cause search of his vehicle led to the seizure of bulk U.S. currency, one kilogram of cocaine and two cellular phones.

20.     In June 2021, Sampler was taken into custody. A review of Sampler's cellular device revealed that Johnson-Polk and Sampler conspired to obtain the kilogram of cocaine, and it is believed this kilogram of cocaine was destined for St. Louis, Missouri.

21.     Investigators researched public databases and determined that in May 2013, Sampler organized Andae Investment Group, LLC in the state of Missouri. According to the Articles of Organization, the purpose of Andae Investment Group LLC is to buy, rent, rehab, and sell property.

22.     On or about May 18, 2017, Sampler converted Andae Investment Group, LLC to Andae Investment Group, Inc., located in St. Louis, Missouri. According to the Articles of Incorporation, Andae Investment Group, Inc. is still listed as being created to buy, lease and rehab property.

23.     On or about October 9, 2019, Sampler organized Central Ave Clothing Store, LLC addressed at 2920 Meramec Street, #18631, St. Louis, Missouri 63118. According to the Articles

of Organization, the purpose of Central Ave Clothing Store, LLC is for all legal things permitted in the State of Missouri.

24.     Sampler listed himself as the registered agent.   The members of the business were listed as Sampler at 2920 Meramec Street, #18631, St. Louis, Missouri 63118 and Johnson-Polk at 10526 Pico Vista Road, Downey CA 90241. It was requested that the filed document be returned to Johnson-Polk at the defendant property address.

25.     USPIS investigators subpoenaed and analyzed the records from Sampler's accounts maintained at Together Credit Union (formerly known as American Eagle Credit Union / Anheuser Busch Employee Credit Union).

26.     In 2013, Sampler opened a Small Business Checking account for Andae Investment Group, LLC at Together Credit Union ("checking account").

27.     From May 2014 through December 2018, there were total deposits of $554,139 deposited to the checking account. The deposits consisted of cash, checks, merchant credits, account transfers and miscellaneous items.

28.     Between May 2014 and December 31, 2018, on 54 separate occasions, Sampler wired a total of $220,380.00 from his checking account to accounts Johnson-Polk controlled at Citibank (8 transactions / $44,220.00) and El Monte Community Credit Union (46 transactions / $176,160.00).   In 52/54 instances, the wire transfers were made to Johnson-Polk's accounts immediately following a large cash deposit of a similar amount into Sampler's account.

29.     Between January 23, 2014 and May 21, 2015, Sampler structured $21,900.00 in payments to Johnson-Polk through one or more money service businesses (i.e. Western Union, Money Gram, Walmart's RIA Wire Transfer Services, etc).

30.    Based on this financial information, investigators discovered that Johnson-Polk purchased the defendant property, 10526 Pico Vista Road, Downey, California 90241, in April 2017.

31.    On or about June 27, 2017, Johnson-Polk entered into a Deed of Trust with American Financial Network, Inc., dba Orion Lending, for a note in the amount of $603,000.00, plus interest, and Johnson-Polk has promised to pay this debt in regular periodic payments and pay the debt in full no later than July 1, 2047.

32.    On the Uniform Residential Loan Application, Johnson-Polk did not list any employment. He indicated that he received other income, in the form of alimony and child support in the amount of $18,000.00.

33.    On the loan application, Johnson-Polk listed liquid assets in the amount of $89,709.00, which included a $34,000.00 cash deposit toward the defendant property. He listed $126,017.00 in total liabilities.

34.    Based on an investigative review of the mortgage payment records, it was determined that from on or about January 12, 2018 through January 19, 2021, Johnson-Polk has made loan payments toward the repayment of loan #8013388052 in the amount of $171,241.26. These mortgage payments were made out of the following accounts:

| Financial Institution | Account Number | Account Type | Amount |
|---|---|---|---|
| Citibank | Ending in 5124 | Checking | $8,640.90 |
| Citibank | Ending in 8505 | Checking | $39,670.37 |
| Citibank | Ending in 5116 | Checking | $21,602.25 |

| El Monte Credit Union | Ending in 3562 | Checking | $101,327.74 |
|---|---|---|---|

35.     According to records provided, Johnson-Polk opened his El Monte Credit Union account ("EMCCU") on or about January 27, 2006. On or about March 2020, Johnson-Polk added Tiffany Hausey ("Hausey") to the account, who is his girlfriend/paramour.

36.     In the review of the EMCCU account, investigators confirmed the credit wire transfers made from Steven Sampler to Johnson-Polk's EMCCU account identified the deposit of United States Postal Service Money Orders into the account, and identified a significant number of structured cash deposits into Johnson-Polk's EMCCU account.

37.     Investigators also discovered multiple cashier's checks, each about $14,000.00, payable to Johnson-Polk and Tiffany Hauser as the Remitter.

38.     Investigators obtained bank records of Hausey. In November 2020, Hausey changed the address on one of her accounts to the defendant property.

39.     Hausey received payroll checks from a dentist's office in Santa Monica, California through July 2020.

40.     On or about July 21, 2020, Hausey received a credit of $137,400.00 to an account, raising her balance from $4,240.88 to $141,640.88. According to the account statement, the credit came from SBAD 310 Payment. A SBAD Treas 310 payment signifies a loan payment made on behalf of the Small Business Administration to businesses facing financial hardships due to the Covid-19 Pandemic.

41.     Investigators conducted a search of public records and external public databases at their disposal and did not find a business in which Hausey had an ownership interest. Investigators have learned that drug traffickers and members of their organization have been taking advantage of this loan program in order to fund their illegal organizations.

42.     Shortly after the July 21, 2021 deposit, Hausey made a number of structured cash withdrawals from the account in the name Tiffany N. Hausey.

43.     Hausey then moved $122,000.00 into a different account and made a withdrawal to transfer about $28,000.00 in cashier's checks to Johnson-Polk. Those checks were then deposited into his EMCCU account.

44.     Between 2013 and 2018, Sampler did not list any income from wages, salaries, business income or other income on his tax returns.

45.     Johnson-Polk has not filed a U.S. Individual Income Tax Return for the tax years ending December 31, 2014, December 31, 2015, December 31, 2016, December 31, 2017, or December 31, 2018.

### Count I – Forfeiture as Property Involved in Money Laundering
### 18 U.S.C. § 981(a)(1)(A)

46.     Each of the foregoing allegations is hereby incorporated by reference as if fully set forth herein.

47.     Johnson-Polk knowingly purchased the defendant property through a monetary transaction in criminally derived property and conducted financial transactions to conceal or disguise the nature, location, source, ownership and/or control of the proceeds, all in violation of 18 U.S.C. § 1956.   Johnson-Polk, the co-conspirator and others further used the criminal proceeds

from the unlicensed money transmitting business to conduct monetary transactions in an amount greater than $10,000 in violation of 18 U.S.C. § 1957.

48.     As such, the defendant property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Sections 1956 and 1957, or as property traceable to such property.

**P<small>RAYER FOR</small> R<small>ELIEF</small>**

WHEREFORE, the United States of America prays that notice issue on the defendant properties as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: October 4, 2021

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Geoffrey S. Ogden*
GEOFFREY S. OGDEN, #66930MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri   63102
(314) 539-2200

## <u>VERIFICATION</u>

I, Jordan R. Wicks, hereby verify and declare under penalty of perjury that I am a Postal Inspector with the United States Postal Inspection Service, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Postal Inspector with the United States Postal Inspection Service.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 10-04-2021
           (date)

*Jordan Wicks*
Jordan R. Wicks
Postal Inspector
United States Postal Inspection Service